CHARLES J. STAMLER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103976. Promulgated September 5, 1941.

*Charles J. Stamler* pro se.
*A. H. Monacelli, Esq.*, for the respondent.

38

OPINION.

SMITH: The question presented by this proceeding is whether the petitioner is entitled to deduct from his gross income for 1937 the $3,832.58 which represents the petitioner's investment in the Morris Avenue property at Elizabeth, New Jersey, at the time of the transfer in 1937. The amount was deducted in the petitioner's income tax return as a bad debt. In his deficiency notice the respondent states:

It is held that:

    (1) The amount of $3,832.58 deducted on your return as a bad debt represents a gift and accordingly is not an allowable deduction.

The petitioner contends that the deed of his interest in the Morris Avenue property to his sister-in-law was not intended as a gift and that the respondent is in error in disallowing the deduction as a gift. The petitioner contends that he deeded the property under an agreement with his brother that he should be relieved from making any payments for back taxes, interest, and curtail of the mortgage, and that the consideration for the transfer was such assumption of the petitioner's liabilities by his brother. The petitioner now claims that the loss is a legal deduction from his gross income of 1937.

We think it entirely immaterial whether the respondent was in error in his determination that the transfer of petitioner's interest in

the property in 1937 constituted a gift on the part of the petitioner. If it was a gift the deduction taken is clearly not allowable. The question for decision is whether the petitioner is entitled to the deduction of $3,832.58, or any part thereof.

Section 24 of the Revenue Act of 1936 provides in part as follows:

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

\* \* \* \* \* \* \*

(6) Loss from sales or exchanges of property, directly or indirectly, (A) between members of a family, \* \*. \*

It is not material in this case whether the consideration for the transfer was an adequate consideration. We assume that it was. But clearly under the statute the petitioner is not entitled to the deduction of the loss; for it was a transfer between members of a family, the sister-in-law being merely the nominee of the brother. The respondent did not err in disallowing the deduction.

*Decision will be entered for the respondent.*